UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JONATHAN RUSHING, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. G-11-353 |
| § | |
| GALVESTON COUNTY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER OF DISMISSAL

On July 15, 2011, a "Motion for Immediate Injunction Based on Court Order" was filed by Jonathan Rushing on behalf of himself and fifteen (15) named plaintiffs and "pre-trial detainees Galveston Citizens and non-Galveston citizens." A specific defendant was not named. In the "motion," the plaintiffs complain that they are not allowed to read or receive any publications, religious materials, prison legal news, legal books educational materials or newspapers." They seek immediate relief.

Although the plaintiffs have brought their claims in a single complaint, the Court finds that each plaintiff should be required to proceed according to the Federal Rules of Civil Procedure on an individual basis. Separate cases are proper for many reasons, including concerns regarding the possibility of inmate transfer, the need for each plaintiff to represent himself with regard to his individual claims, the need for each plaintiff to sign each and all pleadings, the possibility that documents may be changed as they are circulated, the possibility of coercion by prisoners, or that prisoners may seek to compel prison authorities to permit them to gather to discuss joint litigation. *See Beaird, et al., v. Lappin, et al.,* No. 3:06-cv-967-L (N.D. Tex. July 24, 2006) (dismissing multiple prisoner complaint without prejudice to each plaintiff

1

filing separate complaint) (citations omitted).[1]  This Court concurs with the holding in *Beaird* and finds, given the reasons stated above and the fact that it is impossible to determine each plaintiff's claims and against whom each plaintiff raises each claim, that a joint proceeding by the named plaintiffs will not be allowed.

Additionally, the plaintiffs failed to pay the filing fee or an application to proceed *in forma pauperis*.  All inmates are required to pay the full filing fee ($350), whether they pay in full or under the PLRA installment plan. *See* 28 U.S.C. § 1915(b).

Accordingly, it is **ORDERED** that this case is dismissed without prejudice.  The Clerk of the Court shall send of copy of this order to Jonathan Rushing and to each named plaintiff <u>in care of</u> Jonathan Rushing.  Any plaintiff wishing to proceed with his claims must file a separate lawsuit under the guidelines of the Federal Rules of Civil Procedure, identifying his claims and defendants, along with the $350 filing fee or a properly supported application to proceed *in forma pauperis.*

All pending motions are denied.

SIGNED at Houston, Texas this 1st day of August, 2011.

_____
Kenneth M. Hoyt
United States District Judge

---

[1] In *Beaird*, the court noted a split in the Circuits as to whether it is permissible for prisoner-plaintiffs to proceed jointly in one action, or whether each plaintiff must file a separate action. *Compare Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (finding each prisoner must bring separate suits), with *Bouribone v. Berge*, 391 F.3d 852 (7th Cir. 2004) (finding multiple prisoner-plaintiff may proceed together).  The *Beaird* court determined the proper procedure was to require the prisoner-plaintiffs to file separate actions.